**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 10-1021-PHX-PGR |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Oscar Antonio Alvarado, ) | |
| Defendant. ) | |

Before the Court is Defendant's Motion to Suppress Evidence of the Dog Alert. (Doc. 41.) The Government filed a response in opposition. (Doc. 51.) For the reasons set forth below, the motion is denied.

## DISCUSSION

Defendant was arrested on July 9, 2010, at the San Luis, Arizona, Port of Entry, after approximately 8.2 kilograms of methamphetamine was found in his vehicle. At the primary inspection point, a Customs and Border Protection ("CBP") officer removed a drain plug the rear passenger seat floor board of Defendant's vehicle and observed a package contained in a built-in factory compartment. During a secondary inspection, a narcotics-sniffing canine was used to examine the vehicle. The dog gave a positive alert to the same area of the vehicle where agents had identified the hidden compartment.

On May 12, 2011, Defendant requested disclosure of the dog's training and certification records. On October 5, 2011, the government provided Defendant with the dog's certification for the period of the charged offenses. (Doc. 51 at 2.) The government indicates,

however, that it cannot provide the requested training records because CBP retains such records for only 90 days; thus, the records applicable to the period preceding the defendant's arrest were destroyed by the end of October 2010. (*Id.*)

As a remedy for the government's inability to produce the requested records, Defendant seeks to suppress all evidence of the dog alert. He argues that in the absence of the records he will be unable to conduct effective cross-examination of the canine handler or challenge the dog's reliability. The government counters that Defendant will be able to conduct a full cross-examination of the handler and that there is "no basis on which to contest the reliability of a canine search conducted at an international border." (Doc. 51 at 2.)

Defendant relies on *United States v. Cedano-Arellano*, 332 F.3d 568, 573 (9th Cir. 2003), which held that "discovery of the qualifications of a dog used for drug detection is mandatory." The court explained that the dog's certification documents and training materials were crucial to the defendant's ability to challenge the dog's reliability and effectively cross-examine the dog's handler. *Id.* at 571.

However, while *Cedano-Arellano* holds that a defendant is entitled to discovery of the dog's training records, it does not mandate that evidence of the alert be suppressed under the circumstances of this case. Here, Defendant has been provided the dog's certification for the relevant time period, so he is not entirely prevented from using evidence of the dog's qualifications in his cross-examination of the handler. Moreover, the Court has not denied discovery of the training records; they simply no longer exist. There is no evidence that the records contained exculpatory material or that they were destroyed in bad faith, such that suppression of evidence would be required. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Finally, the Court agrees with the government that the absence of the dog's training records will not prevent Defendant from adequately cross-examining the dog handler, including questioning him about the destruction of the records. *See United States v. Fensterer*, 474 U.S. 15, 20–21 (1985) (explaining that the "Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in

1 whatever way, and to whatever extent, the defense might wish") (citations and quotations
2 omitted)).

3 The Court also rejects Defendant's argument that suppression of the dog alert evidence is required because access to the training records is necessary to challenge the dog's reliability. As previously recounted, officers discovered the package containing the drugs before the dog alerted to the area. Defendant does not challenge the original search, which was proper under *United States v. Flores-Montano*, 541 U.S. 149, 155–56 (2004). To the extent the dog's reliability remains an issue, Defendant will be able to address the issue in his cross-examination of the dog's handler.

Accordingly,

**IT IS HEREBY ORDERED denying** Defendant's motion to suppress (Doc. 41).

DATED this 10th day of November, 2011.

Paul G. Rosenblatt
United States District Judge