1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | No. CR 10-1021-PHX-PGR |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Oscar Antonio Alvarado, | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion to Dismiss Counts 1 and 3. (Doc. 42.) The Government filed a response in opposition. (Doc. 50.) For the reasons set forth below, the motion is denied.

## DISCUSSION

Defendant was arrested on July 9, 2010, at the San Luis, Arizona, Port of Entry, after approximately 8.2 kilograms of methamphetamine was found in his vehicle. He is charged with conspiracy to possess and possession of the drugs with intent to distribute (Counts 1 and 2, respectively), and conspiracy to import and importation of the drugs (Counts 3 and 4). He moves to dismiss the conspiracy counts on the grounds that they "do not allege a necessary element of the charged offense." (Doc. 42 at 2.)

A criminal indictment must inform a defendant of "the nature and cause of the accusation" against him. U.S.Const. amend. VI; *see also* Fed.R.Crim.P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."

*Hamling v. United States*, 418 U.S. 87, 117 (1974); *see United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (reiterating that "detailed allegations" are not required under Rule 7(c)(1)).

Defendant asserts that Counts 1 and 3 are deficient because they do not set forth "essential facts" concerning his conduct "prior to his application for entry into the United States." (Doc. 42 at 2.) Further, "the defense believes the prosecution cannot produce any evidence as to Defendant's actions prior to his application for entry." (*Id.* at 2–3.)

Defendant's arguments are unpersuasive. The conspiracy counts track the language of the statutes and set forth all of the elements the offenses. (*See* Doc. 9.) "An indictment which tracks the offense in the words of the statute is sufficient if those words fully, directly, and expressly set forth all the elements necessary to constitute the offense intended to be proved." *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981) (quoting *Hamling*, 418 U.S. at 117). In *Tavelman*, a drug conspiracy case, the court rejected the defendants' challenge to the factual specificity of the indictment, explaining that indictment was adequate because it "contained the specific dates of their alleged criminal violations, the statutory provisions under which the indictments issued, and brief descriptions in statutory terms of the nature of the criminal activity alleged." *Id.*; *see United States v. Forrester*, 616 F.3d 929, 940–41 (9th Cir. 2010). Likewise, in *United States v. McCown*, 711 F.2d 1441, 1450–51 (9th Cir. 1983), the court held that the drug conspiracy charge stated "with sufficient specificity the time during which the conspiracy was operative" as well as the purpose of the conspiracy, the statutes allegedly violated, and the approximate location of the conspiratorial activities. Here, Counts 1 and 3 properly allege "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated. . . ." *Tavelman*, 650 F.2d at 1137 (quotation omitted).

Therefore, Counts 1 and 3 are sufficient to inform Defendant of the specific charges against him, permit him to prepare his defense adequately, and plead an acquittal or conviction in bar of future prosecutions for the same offense.

Accordingly,

**IT IS HEREBY ORDERED denying** Defendant's Motion to Dismiss Count 1 and 3 (Doc. 42).

DATED this 10th day of November, 2011.

Paul G. Rosenblatt
United States District Judge